Mark W. Skanes (SBN 322072)
Alejandro Blake (SBN 336756)
**ROSEWALDORF LLP**
100 Oceangate, Suite 300
Long Beach, California 90802
Telephone:  (518) 869-9200
Facsimile:  (518) 869-3334
Email: mskanes@rosewaldorf.com
         ablake@rosewaldorf.com

Attorneys for Defendants FCA US LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER AGUILAR,<br><br>        Plaintiff,<br><br>   vs.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: 2:21-cv-05813<br><br>(Removed from Los Angeles County Superior Court, Case No. 21STCV22201)<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant FCA US LLC ("FCA US"), by its counsel, ROSEWALDORF LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, based upon diversity of citizenship, the claims pending as Case No. 21STCV22201 of the Superior Court of California, County of Los Angeles.  In support of this removal, FCA US states as follows:

/ / /

## I.     THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles, by Plaintiff CHRISTOPHER AGUILAR ("Plaintiff") against FCA US, entitled *CHRISTOPHER AGUILAR vs. FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,* Case No. 21STCV22201 (the "State Action"). The named Defendant is FCA US.

2. Plaintiff filed the State Action on June 15, 2021, asserting claims against Defendant FCA US for violation of California's Song-Beverly Consumer Warranty Act (Compl., Exhibit "A" to the Declaration of Mark W. Skanes ["Skanes Decl."], served and filed herewith.)

3. Pursuant to 28 U.S.C. § 1332, a federal district court will have original jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

## II.     PROCEDURAL REQUIREMENTS

4. Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case. 28 U.S.C § 1446(b). FCA US was first served with a copy of the Complaint on June 17, 2021. (Skanes Decl. ¶ 6; Service of Process Transmittal, Exhibit "B" to Skanes Decl.)  Therefore, this Notice of Removal is timely filed.

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA US's possession are contained in Exhibits A–C filed herewith. (Skanes Decl. ¶¶ 5–7).

6. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Action has been pending.

7. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles, promptly after filing of same in this Court.

8. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

9. If any question arises as to the propriety of the removal of this action, FCA US requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA US' right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defenses available under state or federal law.

### III. THE AMOUNT IN CONTROVERSY FOR DIVERSITY JURISDICTION IS MET

11. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

12. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart, supra*, at 553.

13. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id*. Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, *supra,* at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego, supra,* at 691. (internal citation omitted).

14. FCA US disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FCA US can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id*.

15. In the Complaint, Plaintiff seeks monetary relief. Plaintiff asserts claims for breach of express and implied warranties and for violation of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) based upon alleged defects in a 2019 Alfa Romeo (*see* Compl., *generally*).

16. Specifically, Plaintiff alleges that on May 10, 2020, he leased a 2019 Alfa Romeo, VIN: ZARFAMBN1K7601652 ("vehicle") (Compl., ¶ 14). Plaintiff further alleges that "[t]he Subject Vehicle was delivered to Plaintiff(s) with latent defects and that "[FCA US LLC, through its authorized repair facilities], was unable to conform the Subject Vehicle to the applicable express warranty after a reasonable number or repair attempts" (Compl., ¶¶ 18, 29).

17. Plaintiff seeks "general, special, and actual damages," "recission of the lease agreement and restitution of all monies expended," incidental and consequential damages, and reasonable attorney's fees and costs (Compl., ¶ prayer). *See* Cal.Civ. Code §§ 1793.2, 1794(b)(2). Plaintiff also alleges that he "is entitled . . . [to] a civil penalty in the amount of two times Plaintiff(s)'s actual damages" (Compl., ¶ 25). *See* Cal.Civ.Code § 1794(c).

18. Where, like here, a claim is asserted under the Song-Beverly Warranty Act, the court may consider actual damages and civil penalties under the Song-Beverly Warranty Act in determining the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004, 1009 (N.D.Cal. 2002); *Lawrence v. FCA US LLC,* 2016 WL 5921059 (C.D.Cal. 2016) (holding that defendant's calculation of the amount in controversy properly included actual damages and civil penalties). In addition, the court may also consider punitive damages in determining the amount in controversy. *See Brady supra,* at 1009 ("The amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law"); *see also Becker v. Ford Motor Co. (In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*), 2018 U.S. Dist. LEXIS 232980 *18-*19 ("The Court need not pinpoint an amount of punitive damages in issue, but it suffices to say that if the amount put in controversy by the Song-Beverly claims were to fall somewhat short of the threshold, that shortfall would not be great and is easily made up by punitive damages available through the fraud claim.")

19. Moreover, this Court may also consider reasonable estimates of attorneys' fees in calculating the amount in controversy. *See Alvarado v. FCA US LLC*, 2017 WL 2495495 (C.D.Cal. 2017), citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998)*; Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007). The Song-Beverly Act allows for the recovery of attorneys' fees, which commonly exceed $35,000 (Skanes Decl. ¶¶ 10–12).

20. In this case, Plaintiff seeks reimbursement of the price paid, restitution damages, incidental and consequential damages, and reasonable attorneys' fees and

costs (Compl., ¶ prayer).  Plaintiff is allegedly seeking a minimum of $18,793.43 in restitution which is calculated as the total amount paid under the lease ($22,820.70) (*see* Lease Agreement, Line 4, Exhibit "E" to Skanes Decl.), less a manufacturer rebate in the amount of $4,000.00 (*id.*, Line 5(b)), and less a reasonable allowance for use in the amount of $27.27.[1] *See* Cal.Civ.Code § 1793.2(d)(2)(B).

21. A civil penalty of two times the claimed actual damages would equal $37,586.86.  Taken together, Plaintiff's claims for actual damages and a civil penalty equals $56,380.29, even before considering unspecified, incidental and consequential damages. *See Kirzhner v. Mercedes-Benz USA, LLC,* 9 Cal. 5th 966 (holding that a consumer is entitled to recover incidental damages under Civ. Code § 1794 if they were incurred and paid as a result of a manufacturer's failure to promptly provide a replacement vehicle or restitution under Song-Beverly, including the costs of registration and renewal).

22. Finally, Plaintiff is also seeking attorneys' fees, which commonly exceed $35,000 in Song-Beverly cases (Skanes Decl., ¶ 11).

23. Based upon the foregoing, the total amount in controversy exceeds $75,000 and removal is proper.

## IV. COMPLETE DIVERSITY EXISTS

24. The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants.  Any instance of common citizenship prevents federal diversity jurisdiction.  For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).  A party's residence is prima

---

[1] This amount is equal to the number of miles at the time of the first complaint divided by 120,000 multiplied by the total lease payments ($16,200.72). (Lease Agreement, Line 2.B, Ex. "E" to Skanes Decl.). The vehicle had 50 miles at delivery. (*Id.*). Defendant anticipates that Plaintiff will allege the first complaint occurred on July 10, 2019 at 252 miles.  Therefore, the mileage deduction would be $27.27.

facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

25. A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. §1332(c)(1). A corporation's principal place of business refers to the place where its high-level officers "direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

26. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable . . . ." *See* 28 U.S.C. §1446(b)(3).

27. As noted above, a party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). "It is assumed … that a person's current residence is also his domicile." 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3612 (3d. ed. 2013.

28. Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of North Hills, California. (*see* Compl., ¶ 2, *see also* Skanes Decl., ¶ 9 & Exhibit "E" [demonstrating Plaintiff's domicile in Los Angeles, California]; *Ervin v. Ballard Marine Constr., Inc.*, No. 16-cv-02931-WHO, 2016 WL 4239710, at *3-4 (N.D.Cal. 2016) [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for

diversity purposes a plaintiff is a citizen of the state in which he or she resides in the absence of evidence to the contrary.)).

29. FCA US is, and was at the time Plaintiff commenced this action, a limited liability company organized under Delaware law with its principal place of business in Michigan. (Excerpt from FCA's 2014 Form 10-K filing; Exhibit D to Skanes Decl.; see also Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") The sole member of FCA US is FCA North America Holdings LLC, a limited liability company organized under Delaware law with its principal place of business in Michigan (*see also* FCA US's Certification & Notice of Interested Parties.) The sole member of FCA North America Holdings LLC is FCA Holdco B.V. (Besloten Vennootschap), a company organized under the laws of the Netherlands with its principal place of business in London, United Kingdom. (*Id.*) FCA Holdco B.V. is one hundred percent owned by Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.), which is a publicly traded company organized under the laws of the Netherlands (*Id.*). Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.) is a publicly traded company organized under the laws of the Netherlands with its principal place of business at Singaporestraat 921175 RA Lijnden, Netherlands (*Id.*).

30. Accordingly, diversity existed between Plaintiff and FCA US as of the time this action was filed, as well as the date of this notice. *See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).

## V.     CONCLUSION

29. The State Action may be removed to this Court by FCA US in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the action involves diversity jurisdiction because the parties are citizens of different states, and (iii) the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

| | |
|---|---|
| 1 | Dated: July 19, 2021 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

Dated: July 19, 2021                    **ROSEWALDORF LLP**

By: <u>s/Mark W. Skanes</u>
　　Mark W. Skanes
　　Michael J. Gregg
　　Alejandro Blake
　　Attorneys for Defendant FCA US LLC